In the Matter of Edward KOWALSKI, d/b/a Durham Sanitation, Bankrupt.

No. Bk-H 2773.

United States District Court
D. Connecticut.

March 20, 1962.

898

A. Robert Gordon, Middletown, Conn., for petitioner.

Joseph Neiman, Hartford, Conn., for respondent.

CLARIE, District Judge.

This is a petition brought by A. Robert Gordon, the Trustee in Bankruptcy, to review an order of the referee, dated December 27, 1961, granting a reclamation petition in part. The reclamation petition was brought by Frank A. Varricchio, a conditional vendor. It was granted as to a bulldozer and a flat-bed trailer and denied as to a Chevrolet dump truck.

The findings of fact certified by the referee are substantially as follows:

Edward Kowalski, bankrupt, and Varricchio, the vendor, executed a conditional sales contract on June 13, 1961. Pursuant to that agreement the conditional vendor delivered a bulldozer and a trailer to the bankrupt. The conditional sales contract described the personal property as follows: "One Oliver B D Bulldozer—year—1952, Color—Yellow"; "One Homemade Flat-bed trailer—Color —Black—Double Axle".

The conditional bill of sale was filed in the personal property records of the Town of Durham; however, the vendor's security interest in the vehicles was not perfected under the Certificate of Title Act, C.G.S.A. § 14–165 et seq.

On September 21, 1961 Kowalski filed a voluntary petition in bankruptcy. The findings revealed that the bankrupt owned only one bulldozer and one trailer, both of which were as described in the conditional sales contract.

The Trustee in Bankruptcy's contentions are: (1) the vendor did not comply with the Certificate of Title Act; therefore, his security interest is not valid against creditors of the bankrupt; (2) the bulldozer and the trailer are not adequately described as required by the Connecticut Sales Act, C.G.S.A. § 42–77.

(1)

■ "* * *, (A) security interest in a vehicle of a type for which a certificate of title is required is not valid against creditors of the owner * * * of the vehicle unless perfected as provided in (the Uniform Motor Vehicle Certificate of Title and Anti-Theft Act)." C.G.S.A. § 14–185. Certificates of title are required for all motor vehicles except those exempted by § 14–166. That section exempts several types of vehicles. The only exempt type that might include the vehicles involved in this case is "special mobile equipment". This latter term is defined by § 14–165(i) as "a vehicle not designed for the transportation of persons or property upon a highway and only incidentally operated or moved over a highway". It expressly includes "earth moving equipment". A bulldozer is earth moving equipment and is only incidentally moved over the highway. It is therefore an exempt vehicle and a conditional vendor of a bulldozer need not comply with the act in order to perfect his security interest.

On the other hand, a "flat-bed trailer" is designed for the transportation of property upon the highway; a security interest in such a vehicle must be perfected as required by the Act. Since the conditional vendor did not comply with the Act, his security interest is invalid against creditors of the bankrupt and his reclamation petition should have been denied as to the "flat-bed trailer". The order of the referee in that regard is reversed and an order may be entered denying the reclamation of the "flat-bed trailer".

### (2)

The Trustee's second contention is that the vehicles were inadequately described.

The Sales Act (C.G.S.A. § 42–77) requires that a conditional sales contract be in writing, "*describing the property* and all conditions of such sale". The Act is silent, however, as to what is a sufficient description and no Connecticut case, setting forth a rule for determining what is an adequate description, has been called to the attention of the court. Decisions from other jurisdictions are collected in a note in 65 A.L.R. at page 717 et seq. These decisions rest upon the specific description of the property in question and do not create a rule of law which would be of much assistance in a specific case. In re Lathrop Pharmacy, 3 F.Supp. 84 (D.Conn.1933).

Although this sale was consummated prior to the effective date of the Uniform Commercial Code, the Code does indicate the trend of the law and is helpful in determining an equitable result. The Code provides that a description is sufficient "if it reasonably identifies what is described". C.G.S.A. § 42a–9–110. "The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it—that it make possible the identification of the thing described."

The description of the bulldozer in the instant case did identify it and therefore, in the opinion of this court, was sufficient. Personal property is frequently difficult to describe with precision and the requirement that it be described should not serve as a trap for an otherwise diligent conditional vendor. Under the circumstances, a creditor of the bankrupt could have readily realized that this was the bulldozer covered by the conditional sales contract.

The order of the referee granting the reclamation petition as to the bulldozer is affirmed.