PIGGOTT STATE BANK *v.* POLLARD GIN CO.

5-4275                                   419 S. W. 2d 120

Opinion delivered October 9, 1967

*Gus R. Camp,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

GEORGE ROSE SMITH, Justice. The one question in this case is whether the plaintiff-appellant bank, in

lending $1,200 to Denzil Karnes upon the security of crops to be grown by him during the ensuing year, inserted in its combined Financing Statement and Security Agreement a description of the crops sufficient to put third persons on notice under the Uniform Commercial Code. The chancellor held the description to be fatally defective and accordingly dismissed the bank's suit for conversion against the appellee gin company, which had bought the cotton crop from Karnes.

This is the description used in the Financing Statement and Security Agreement: "CROPS. All of the following crops to be planted or growing within one year from the date hereof on the lands hereinafter described: 7 acres of cotton and 53 acres of soybeans to be produced on the lands of S. E. Karnes; 11.6 acres of cotton and 50 acres of soybeans to be produced on the lands of Mary Gilbee; 4½ acres of cotton and 11 acres of soybeans to be produced on the lands of George Nixon; all of the above crops to be produced in Clay County, Arkansas during the year 1965."

We agree with the chancellor's conclusion. With respect to crops the Code requires, both as to the financing statement and as to the security agreement, that there be a description of the land that is involved. Ark. Stat. Ann. §§ 85-9-203 and 85-9-402 (Add. 1961). The description "is sufficient whether or not it is specific if it reasonably identifies what is described." Section 85-9-110. The Commissioners' Comment to the latter section states: "The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it—that it make possible the identification of the thing described."

Here the description referred merely to seven acres of cotton to be produced on the lands of S. E. Karnes (together with two other similar references). Neither the security instrument nor the proof adduced at the trial sheds any light whatever upon the questions (a) whether Denzil grew exactly seven acres of cotton on

the S. E. Karnes land in 1965 and (b) whether anyone else was also growing cotton upon the S. E. Karnes land. We need not speculate upon what might have been the posture of the case if both these possibilities had been explained, for that is not the situation before us.

Of course we do not cite as controlling authority decisions of this court that were handed down many years before the enactment of the Commercial Code. Yet we have no hesitancy in relying upon such decisions when they help us to decide whether, in the language of the Code, a description "reasonably identifies what is described." We have said more than once that "a mortgage of a specified number of articles out of a larger number will not be allowed to prevail, unless it furnishes the data for separating the property intended to be mortgaged from the mass." *Krone & Co.* v. *Phelps*, 43 Ark. 350 (1884): *Dodds* v. *Neel*, 41 Ark. 70 (1883). That principle is so reasonable and so plainly applicable to the case at hand that we see nothing to be accomplished by a more extended discussion of the matter.

Affirmed.