SECURITY TIRE AND RUBBER COMPANY, INC. v. STEPHEN F. HLASS D/B/A STEPHENS TIRE CO. AND LARRY McCORD, TRUSTEE IN BANKRUPTCY

5-4936                                                   441 S.W. 2d 91

Opinion Delivered May 26, 1969

*Sam Goodkin* for appellant.

*Shaw & Bedwell* for appellees.

Conley Byrd, Justice.    Appellant Security Tire and Rubber Co., Inc. on April 25, 1967, took four notes from appellee Stephen E. Hlass secured by the following security agreement:

> "I Steve E. Hlass do hereby assign the customer accounts receivables and the Company owned inventory of Stephens Tire Company, 2517 Alma Highway, Van Buren, Arkansas to the Security Tire and Rubber Company, Inc. of Richmond, Virginia, as collateral for four notes Nos. 1, 2, 3 and 4 in the amount of $9,092.00."

On May 9, Stephen Hlass gave his check for $2,273.00 in payment of the first note which was dishonored because

of "insufficient funds." On June 9, 1967, appellant completed the filing of its security agreement and on June 16, 1967, filed its complaint asking for foreclosure under its security agreement of the inventory here involved. On August 28, 1967, Hlass was adjudicated a bankrupt and on September 18, 1967, appellee Larry McCord, trustee in bankruptcy, intervened claiming that appellant's security agreement was a voidable preference under § 60b of the Bankruptcy Act. When the trustee in bankruptcy filed a motion for summary judgment based upon the pleadings and certain alleged credit memos of appellant, appellant responded and attached an affidavit of its agent, Oscar Hamlett.

In his affidavit Hamlett says that appellant began doing business with Stephen Hlass in December 1965. At one time Hlass owed appellant more than $18,000 but he made substantial payments in November, December, January, February and March immediately preceding making the notes. He then states that Hlass decided that he was overstocked and wanted to reduce his inventory and on Hlass's request appellant took back some tires and gave Hlass credit. Hamlett says that at the time of taking the notes he made inquiry about Hlass's business and was told that he just bought a $25,000 home, that Hlass owed nobody except appellant and that his Dunn & Bradstreet rating showed a net worth between $20,000 and $35,000 with a good credit. Hamlett says that he did not know and had no cause to know or believe that Hlass was insolvent either in April or June of 1967.

The Court in awarding summary judgment to the trustee in bankruptcy found as follows:

> "The Court specifically finds that the attempted transfer and the suit and attachment based thereon occurred within four (4) months of the bankruptcy action, that the attempted transfer and attachments based thereon were all executed at a time when the debtor was insolvent and had been insolvent for a period of time, and the plaintiff knew

or had reasonable grounds to know and believe that the Debtor was insolvent when the transaction was arranged, that the consideration therefor was an antecedent debt, and to allow this transfer to the Plaintiff to stand would enable the Plaintiff-creditor to obtain a greater percentage of his debt than other creditors in the same class. Therefore all elements constituting a preference are found to be in existence, and this transfer is accordingly null and void as a preference under the Bankruptcy Act.

"The Court specifically finds further that the attempted assignment to the Plaintiff-creditor was not validly executed under the terms of the Uniform Commercial Code, and a lien predicated on the security instrument is found to be null and void as a secured transaction and this Plaintiff is therefore in the same category as any other unsecured creditor."

For reversal of the summary judgment appellant relies upon the following points:

"1. The Court erred in holding that appellant's lien did not qualify as a security interest under the Commercial Code;

"2. The Court erred in granting a summary judgment, inasmuch as a genuine issue of two material facts existed; the issues being (a) whether Stephens was insolvent and (b) whether appellant had reasonable cause to believe that Stephens was insolvent."

POINT 1. Appellees to support the summary judgment argue that the security agreement does not contain a sufficient description of the inventory to comply with Ark. Stat. Ann. § 85-9-110 and Ark. Stat. Ann. § 85-9-402(1) (Add. 1961). They contend that a description of the collateral must be described by type or item to be

sufficient. Ark. Stat. Ann. § 85-9-110 upon which they rely provides:

"For purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

Ark. Stat. Ann. § 85-9-402(1) provides:

"A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and CONTAINS A STATEMENT INDICATING THE TYPE, OR DESCRIBING THE ITEMS, OF COLLATERAL."

The foregoing sections are commented upon by Mr. Oscar Spivack in his pamphlet, *"Secured Transactions"* (ALI 1960), and by the honorable Harry Meek in 18 Ark. Law Review 30, (1964). Mr. Meek in his article cites *Industrial Packaging Prod. Co.* v. *Fort Pitt Pack. Int'l.*, 399 Pa. 643, 161 A. 2d 19 (1960), *In re Kowalski*, 202 F. Supp. 897 (D. Conn. 1962) and *In re Drane*, 202 F. Supp. 221 (W.D. Ky. 1962). These authorities agree that the better practice is to describe the collateral by types or items when a security is taken on inventory. However the authorities cited by Mr. Meek point out that the description need not be such as would enable a stranger to select the property and that a description is sufficient which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property. When the instrument here is considered in that light, it shows that it gave a lien on the "Company owned inventory of Stephens Tire Company, 2517 Alma Highway, Van Buren, Arkansas." When we consider that the term "inventory" is defined in Ark. Stat. Ann. § 85-9-109(4), we believe that a fact issue was made by which the goods involved here could possibly be identi-

fied under the agreement given.  The information given here seems to have been adequate for the sheriff to take the property into his possession.  The record does not say but it is obviously possible that the Stephens Tire Company is the only business at the address given and that its only business has to do with tires.  The record here does show that the inventory consisted of tires and tubes.  For these reasons we hold that the trial court erred in holding as a matter of law that the description given in the security instrument was insufficient under the statute above.

POINT 2.  We are also of the opinion that the trial court erred in rendering summary judgment on the basis that the record conclusively established that the security agreement constituted a preference under § 60b of the Bankruptcy Act.  Our cases consistently hold that the theory underlying a motion for summary judgment is the same as that underlying a motion for a directed verdict and that any testimony submitted with such a motion must be viewed in the light most favorable to the party resisting the motion with all doubts and inferences being resolved against the moving party.  See *Russell* v. *City of Rogers*, 236 Ark. 713, 368 S.W. 2d 89 (1963).

To sustain the summary judgment appellees readily concede that under our decision in *Fly & McFall* v. *Watts*, 209 Ark. 282, 190 S.W. 2d 533 (1945), it was necessary for them to show the following:

"1.  A transfer on, or payment of, an antecedent debt,

2.  by an insolvent debtor,

3.  within four (4) months of bankruptcy,

4.  resulting in advantage to the creditor,

5.  who then had reasonable cause to believe that the debtor was insolvent."

When we consider the affidavit of Oscar Hamlett in the light most favorable to appellant we believe that a fact issue was made on the solvency of Hlass at the time of perfection of the security agreement as a lien and also whether appellant had reasonable cause to believe that Hlass was insolvent. In holding that the trial court erred in awarding the summary judgment we have looked to determine only whether or not there was any substantial evidence presented by appellant to make an issue of fact and have not in any manner attempted to evaluate the testimony for purposes of credibility.

Reversed and remanded.