**UNITED STATES of America, Plaintiff,**

v.

**RICELAND FOODS, INC., Defendant,**

**Charles E. Morgan and Effie Morgan, Third-Party Defendants.**

**No. PB–C–79–102.**

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Jan. 12, 1981.

---

Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

David G. Henry, Macom, Moorhead, Green & Henry, Stuttgart, Ark., for defendant Riceland Foods, Inc.

Third-party defendants not represented by counsel.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

On January 31, 1974, the third-party defendants, Charles E. Morgan and his wife, Effie Morgan, (hereinafter Morgans) borrowed $7,000.00 from the Farmers Home Administration. At that time the Morgans gave the United States of America through the Farmers Home Administration a promissory note in the amount of $7,000.00, which was secured by a security agreement dated January 31, 1974. At the same time, a Financing Statement was executed by the Morgans and filed in the office of the Circuit Clerk and Ex-Officio Recorder of Lawrence County, Arkansas. The description in the security agreement referred to "all crops" and the description in the Financing Statement spoke in terms of "crops". The real property description was the same in both instruments. On December 30, 1975, the defendant, Riceland Foods, Inc. (hereinafter Riceland), purchased 598.08 bushels of soybeans from the Morgans for the sum of $2,461.10. These soybeans were grown by the Morgans during the 1975 crop year. The Morgans did not apply any of the proceeds of said sale to the indebtedness due the plaintiff. When the Morgans failed to make the necessary payments under their promissory note executed on January 31, 1974, an additional security agreement was executed on March 17, 1975. No additional financing statement was executed or filed, and the parties agree that satisfaction of the filing requirements of the Uniform Commercial Code as codified in Arkansas will either rise or fall on the January 31, 1974 filing.

Whether or not the plaintiff had a perfected security interest in the 1975 crops by virtue of the January 31, 1974 filing is the primary issue to be resolved in this litigation. Asserting that their security interest was perfected in the 1975 soybean crop of the Morgans and that Riceland converted 598.08 bushels of the Morgan soybeans, plaintiff seeks to recover the $2,461.10 sum from Riceland, and Riceland in turn has brought a third-party complaint against the Morgans for any and all sums which it is

found to be liable to the plaintiffs. The Morgans were duly served with the third-party complaint on June 12, 1979 but have failed to plead or otherwise appear.

## FINDINGS OF FACT

The parties have waived a trial and have agreed to a stipulation of facts and exhibits and have both submitted motions for summary judgment which are the subject of this order. The court has jurisdiction pursuant to 28 U.S.C. § 1345. The stipulation of facts filed by the parties on November 26, 1980 are adopted by the court as its findings and are set out as follows:

1. The Farmers Home Administration (F.H.A.) is an agency of the United States Department of Agriculture and is engaged in the business of, among other things, making crop production loans to farmers. The F.H.A. maintains an office at Walnut Ridge, Arkansas.

2. Riceland Foods, Inc. (Riceland) is a cooperative marketing association primarily engaged in the business of purchasing rice and soybeans from farmers and marketing same. Riceland is organized under the laws of the State of Arkansas and has its principal place of business at Stuttgart, Arkansas.

3. On January 31, 1974 plaintiff, acting through the F.H.A., made a crop production loan to Charles E. Morgan and Effie Morgan, his wife, in the principal sum of $7,000.00 to finance the production of the Morgan's 1974 crops.

4. To evidence said loan, the Morgans executed to the plaintiff, acting through the F.H.A., their promissory note dated January 31, 1974 in the principal amount of $7,000.00 bearing interest at the rate of 6¾ percent per annum and payable in four (4) annual installments. A copy of said promissory note was attached as Exhibit "A" to the Stipulation of Facts filed by the parties on November 26, 1980.

5. To secure the payment of the indebtedness evidenced by the promissory note mentioned in paragraph 4 above, the Morgans executed to the plaintiff, acting through the F.H.A., a Security Agreement dated January 31, 1974 granting to the plaintiff a security interest in "all crops, annual and perennial, and other plant products now planted, growing or grown, or which are hereafter planted or otherwise become growing crops or other plant products (a) within the one year period or any longer period of years permissible under state law, or (b) at any time hereafter if no fixed maximum period is proscribed by state law," in the real estate described in the Security Agreement. Copy of such Security Agreement was attached as Exhibit "B" to the Stipulation of Facts.

6. The Morgans did not pay the $5,974.00 installment due on January 1, 1975 in full, as evidenced by the Statement of Account attached as Exhibit "C" to the Stipulation of Facts, and on March 17, 1975 the Morgans executed a second Security Agreement to plaintiff, acting through the F.H.A., among other items of property, granting a security interest in "all crops, annual and perennial, and other plant products now planted, growing or grown, or which are hereafter planted or otherwise become growing crops or other plant products (a) within the one-year period or any longer period of years permissible under state law, or (b) at any time hereafter if no fixed maximum period is proscribed by state law," on the real estate described in said Security Agreement, a copy of which was attached as Exhibit "D" to the Stipulation of Facts.

7. On January 31, 1974 the plaintiff, acting through the F.H.A. filed a Financing Statement in the office of the Circuit Clerk and Ex-Officio Recorder of Lawrence County, Arkansas, bearing file No. 16818. A copy of said Financing Statement was attached as Exhibit "E" to the Stipulation of Facts. No other financing statements were filed by the plaintiff subsequent to the filing of the January 31, 1974 Financing Statement.

8. The Morgans failed to pay the promissory note (Exhibit "A" to the Stipulation) according to the terms thereof, and they are indebted to the plaintiff in the principal amount of $5,655.86, plus accrued interest through January 22, 1979 in the amount of

$934.97, with additional interest accruing thereafter at the rate of $1.0459 per day until paid.

9. On or about December 30, 1975, without the consent of plaintiff, the Morgans sold to Riceland 598.08 bushels of soybeans which were planted, produced and harvested by the Morgans during the 1975 crop year. Said soybeans were grown by the Morgans on the property described in the Security Agreements and the Financing Statement (Exhibits "B", "D" and "E", respectively, to the Stipulation).

10. It is a matter of common knowledge that, as produced by farmers growing soybeans in Arkansas, soybeans are an annual crop planted in May, June and early July of each year and severed from the ground by harvesting in the fall months of each year. Each year's soybean crop is generally marketed by the farmer producing such crop subsequent to harvest, generally before crops grown in the next year are harvested and sold by the farmer. Some soybeans are sold by the farmers in the year before or in the year of production, for delivery after harvesting, through a sale for future delivery contract known as "booking".

11. It is a matter of common knowledge that the principal field crops grown in Arkansas are soybeans, rice, cotton, corn, wheat and oats, all of which are annual crops planted in the spring and harvested in the fall, with the exception of wheat and oats. Wheat and oats as grown in Arkansas generally are planted in the fall of one year and harvested in the spring of the next year. Generally wheat and oats are crops of minor importance in the production of farmers income in Arkansas, as compared with rice, soybeans, cotton and corn.

12. It is a matter of common knowledge that farmers raising the principal field crops grown in Arkansas and financing the production of such field crops with borrowed money, after assessing their experience at the conclusion of each annual fall crop harvest, customarily arrange with their lender for financing their crop production for the next ensuing "crop year" prior to the planting of the next year's spring planted crops. This "crop year" coincides roughly with the calendar year.

13. On or about June 16, 1975 Riceland directed to the various county offices of the F.H.A. in the counties in Arkansas in which it does business (including the office in Lawrence County, Arkansas) a form letter requesting from such county offices a list of the 1975 rice and soybean crop Financing Statements and Security Agreements held by each office in connection with rice and soybean crop loans made by each office and showing the names of their borrowers. One of these letters, consisting of two pages, was attached as Exhibit "F" to the Stipulation of Facts. On June 26, 1975 Riceland received, in response to such request, a letter on F.H.A. Form 462–3, from the Lawrence County, Arkansas office of the F.H.A. with "annual list of Farmers Home Administration borrowers, Lawrence County, Arkansas 1975 crop year" thereto attached. A copy of said letter and annual list was attached as Exhibit "G" to the Stipulation of Facts. In response to the request of Riceland, such list was coded by the Lawrence County F.H.A. office with an initial written to the left of the name of each borrower so as to reflect whether the F.H.A. had a security interest in soybeans (indicated by the letter "S"), rice (indicated by the letter "R"), or both rice and soybeans (indicated by the letter "B"). Said list of borrowers contains neither the name Charles E. Morgan nor the name Effie Morgan. In issuing such list of F.H.A. borrowers, the County Supervisor of F.H.A. was acting within the scope of his authority. That Riceland followed this practice both before and in each of the years subsequent to 1974 and in each of such has followed the practice of including in its checks issued in payment for crops delivered to it for marketing or sold to it the name of Farmers Home Administration, and other lien holders known by it to have liens on such crops, as a payee.

## SUFFICIENCY OF DESCRIPTION

The parties agree that the Uniform Commercial Code as codified in Arkansas (Ark. Stat.Ann. § 85–9–101, et seq.) is the control-

ling statutory law with regard to the issues involved in this litigation. Further, it is clear that this court must look to decisions of the Arkansas Supreme Court for guidance in this litigation. *United States v. Kimbell Foods*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), and *United States v. Oakley*, 483 F.Supp. 762 (E.D.Ark.1980). If the court finds that the plaintiff had a perfected security interest in the soybeans sold to the defendant, then the priority provisions of Article 9 in the Uniform Commercial Code would favor the plaintiff. Ark.Stat.Ann. § 85–9–307 and § 85–9–306(3)(a).

Although substantial questions revolving around the issue of "isolation of collateral" often are involved in cases wherein security interests in crops are at issue, the defendant has stipulated that it does not challenge the description of the land involved appearing in the Security Agreements and Financing Statement. Therefore, the problem addressed in *Piggott State Bank v. Pollard Gin Co.*, 243 Ark. 159, 419 S.W.2d 120 (1967) is not present. See also *United States v. Oakley, supra.* Rather, the defendant's argument regarding the sufficiency of the collateral description goes to whether or not "crops covered hereby are growing or are to be grown on" (Exhibit E to the Stipulation of Facts) sufficiently notifies third parties that all crops on the described real property were covered and whether or not crops grown after the 1974 crop year were sufficiently described. Ark.Stat.Ann. § 85–9–402(1) requires that "when the financing statement covers crops grown or to be grown ..., the statement must also contain a description of the real estate concerned." Although this section of the Commercial Code sets forth the formal requisites of a financing statement covering crops, it is not dispositive of the issue before the court since the description of the real estate has been stipulated to be adequate. Therefore, the court must look to the general provisions of Ark.Stat.Ann. § 85–9–110 to resolve the issue of whether or not the present description is sufficient. This section provides that "for the purposes of this Article, any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." The official comment to this section amplifies on what this requirement attempts to accomplish, namely, "that the description do the job assigned to it—that it make possible the identification of the thing described."

Although for practical purposes an after-acquired property clause dealing with crops was ineffective prior to the 1973 amendments to the Arkansas Uniform Commercial Code, Ark.Stat.Ann. § 85–9–204 no longer places such a restriction on the use of after-acquired property clauses when dealing with crops. Since it is permissible to secure an interest in after-acquired property, including crops, the question becomes whether or not the language "growing or to be grown" appearing in the January 31, 1974 Financing Statement is sufficient to notify third parties that crops grown after the 1974 crop year are covered. The court finds that this language should reasonably notify third parties that after-acquired property is part of the subject matter of the financing statement and that crops growing or to be grown on the subject real property would be subject to the security interest of the plaintiff for five years commencing on the date the financing statement was filed. Ark.Stat.Ann. § 85–9–403(2). The contention of Riceland that each year's crops constitute separate items or types of collateral coming into existence which should require a designation in the Financing Statement of the years the crops are to be grown, is overruled. The durational limitations of a financing statement found in Ark.Stat.Ann. § 85–9–403 reasonably describes the years to which the financing statement, containing an after-acquired property clause dealing with crops, is effective.

The court now turns to the defendant's argument that "crops" is an insufficient description under the terms of Ark.Stat.Ann. § 85–9–110 to put third parties on notice that soybean crops are covered by the particular financing statement at issue. While the court agrees that a description using the term "all crops" would

be better, this does not necessarily mean the description used by the plaintiff in the January 31, 1974 Financing Statement is deficient. The purpose of the Commercial Code filing requirements is to put third parties on notice that a security interest is asserted in the subject collateral. The court must determine whether or not this purpose is satisfied by the description at issue in the present case. No case has been cited to the court, and the court is unable to find a case directly in point on the question of whether or not the term "crops" is interchangeable with the term "all crops." However, in *United States v. Big Z Warehouse*, 311 F.Supp. 283 (S.D.Ga.1970) the court was dealing with a description using the term "crops", and without specifically isolating the issue in the instant litigation, the District Court sitting in Georgia held that this term encompassed all crops growing on the subject property. The court finds that the only reasonable construction which can be given the description at issue is that the term "crops" encompassed all crops grown on the subject real estate. Third parties finding this term in a financing statement should reasonably construe this to include all crops on the subject property.

## ESTOPPEL

An additional argument advanced by the defendant to avoid what the court has found to be the plaintiff's perfected security interest in the soybeans sold by the Morgans to the defendants, is that the United States should be estopped from enforcing its security interest against the defendant because of the "borrowers' list" which Riceland Foods requested of certain lending institutions and other potential creditors of farmers from whom they might conceivably purchase crops. When the plaintiff responded to defendant's request for such a list, the Morgans' name was left off. However, the court need not reach the question of whether or not the plaintiff should be estopped from asserting its security interest by its failure to include the Morgans on its annual list of Farmers Home Administration borrowers for Lawrence County, Arkansas. The court reaches this conclusion because both in its cover letter transmitting this list and on the list itself the statement is made that the list was being furnished only as a convenience and was not necessarily complete. In light of such a statement, the defendant was not reasonable in relying on the fact that the Morgans' name did not appear on the list. Granted, this practice had been followed by the defendant in years past and that it had elected to rely on the list. However, this reliance resulted from a decision on its part and not from actions on the part of the plaintiff. The defendant obviously reached a business decision that the most economical manner in which to determine whether or not the farmers from whom they purchased products had given the products as collateral for any loans was to request these annual lists as opposed to searching the financial statement records. While the plaintiff cooperated with the defendant in its attempts to effectuate this plan for determining security interests in products it was purchasing, the plaintiff adequately informed the defendant that this list was not necessarily complete and should not be relied on by the defendant.

The court therefore finds that the defendant converted the soybeans in violation of the plaintiff's perfected security interest on December 30, 1975 when it made the purchase from the Morgans.

## THIRD-PARTY COMPLAINT

Based on the Findings of Fact and the failure of the third-party defendants to respond to the third-party complaint, the defendant is entitled to judgment over against the third-party defendants for the sums which the defendant is held to be liable to the plaintiff.

IT IS THEREFORE ORDERED that the motion for summary judgment filed on behalf of the plaintiff is granted and the motion for summary judgment filed on behalf of the defendant is denied in part and granted in part.