The plaintiff below, Farmers and Merchants Bank (Farmers), instituted these proceedings against Harry Hedges and Gold Kist, Inc. This appeal concerns only the disposition of the case against Gold Kist.
In 1980, Gold Kist purchased soybeans from Harry Hedges. Farmers asserted that the soybeans, purchased by Gold Kist, were collateral for a loan to Hedges, that they were subject to a perfected security interest in favor of Farmers, that the sale to Gold Kist was improper, and that Gold Kist's actions amounted to a conversion of the property. The trial court held that Gold Kist was liable to Farmers in the amount of $10,457.30 for conversion of the soybeans.
Testimony at the trial indicated that Hedges executed two notes to Farmers, one of which was secured by "two hundred fifty acres of soybeans." The security agreement described the collateral as: "All crops grown and harvested in 1980 (specifically 250 acres of soybeans) on land rented or leased in Baldwin County, Alabama, but not limited to the above." Farmers filed a financing statement which contained the same description. At issue here is whether the security agreement and financing statement gave Farmers a valid perfected security interest in the soybeans grown by Hedges and purchased by Gold Kist.
The UCC makes the following provisions for the creation of a security interest in crops: *Page 453 
 "Subject to the provisions of section 7-4-208 on the security interest of a collecting bank and section 7-9-113 on a security interest arising under the article on sales, a security interest is not enforceable against the debtor or third parties unless:
 (a) The collateral is in the possession of the secured party; or
 (b) The debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops or oil, gas or minerals to be extracted or timber, a description of the land concerned. In describing collateral, the word `proceeds' is sufficient without further description to cover proceeds of any character."
Code 1975, § 7-9-203. That security interest is perfected by filing a financing statement which includes the following information:
 "A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. A financing statement may be filed before a security agreement is made or a security interest otherwise attaches. When the financing statement covers crops growing or to be grown or goods which are or are to become fixtures, or timber, the statement must also contain a description of the real estate concerned and the name of the record owner thereof. A copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties."
Code 1975, § 7-9-402 (1). (Emphasis added.) As can be seen from these two provisions, in the case of crops, the description of the real estate is required to create a security interest; and for perfection, both the name of the record owner and the description of the real estate is required.
In the case before us, the description is 250 acres of soybeans on land rented or leased in Baldwin County. Gold Kist asserts that this description is insufficient to create and perfect a security interest in these crops. We agree.
Farmers, relying on the following provisions of the Code, maintains that the description given suffices.
 "For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."
Code 1975, § 7-9-110.
 "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."
Code 1975, § 7-9-402 (5). The Alabama cases have generally rejected any requirement that a description of collateral be extremely exact and detailed. See e.g., Associates CapitalCorp. v. Bank of Huntsville, 49 Ala. App. 523, 274 So.2d 80
(1973). However, in the case of farm products, greater specificity in the description of the real estate appears justified.
Virtually all courts which have considered a description such as this one have held the description to be insufficient. InPiggott State Bank v. Pollard Gin Co., 243 Ark. 159,419 S.W.2d 120 (1976), the court held the following description to be insufficient:
 "All of the following crops to be planted or growing within one year from the date hereof on the lands hereinafter described: 7 acres of cotton and 53 acres of soybeans to be produced on the lands of S.E. Karnes . . . all of the above crops to be produced in Clay County, Arkansas during the year 1965."
419 S.W.2d at 121.
The same result was also reached in Chanute Production CreditAss'n v. Weir Grain and Supply, Inc., 210 Kan. 181,499 P.2d 517 (1972). In that case, the following description had been used: *Page 454 
 "Crops: Annual and perennial crops of whatever kind and description which are now growing or are hereafter planted, grown and produced on land owned or leased by debtor in Cherokee County, Kansas."
499 P.2d at 518.
The appellee has not called to our attention any case concerning crops in any jurisdiction which has held that a description of this nature suffices to either create a valid security interest, or to perfect it. Sections 7-9-110 and 7-9-402 (5), while calling for a liberal reading, do not allow the secured party this kind of latitude with the description. Further it is clear that for perfection, in addition to the description, the name of the record owner is required. The documents completely fail to name the record owner of the real estate.
Thus, we hold that the trial court was in error in holding that Farmers had a perfected security interest and that Gold Kist was liable in the amount of $10,457.30. This case is due to be reversed and remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and ADAMS, JJ., concur.