This case is governed by Article 9 of the Uniform Commercial Code on secured transactions. Section 7-9-101, et seq., Code of Alabama (1975). It concerns the sufficiency of a real estate description in a security agreement to create an enforceable security interest in growing crops.
The First National Bank of Franklin County, Tennessee, filed a complaint against David McCord, doing business as McCord 
Son Grain Company, which alleged the following: Winston T. Smith executed a security agreement and financing statement in connection with a loan. The documents purported to grant the bank a security agreement in crops described as "Growing soybeans on 48 acres of land owned by Carter L. Smith and 72 acres owned by Edgar Arnold and 360 acres owned by me all 480 acres located in Jackson County, Alabama." The documents were properly executed and the financing statement was filed in the Probate Court of Jackson County, Alabama. Smith delivered a quantity of soybeans to McCord. The bank notified McCord by letter that it claimed a security interest in the soybeans and requested that payment for the soybeans be made by check payable to Smith and the bank. Smith defaulted and the bank filed this action.
McCord admitted receipt of a given quantity of soybeans from Smith. He denied liability, however, on the grounds that the security agreement and financing statement did not contain descriptions of the land involved sufficient to create a security interest in the soybeans enforceable against him. *Page 707 
McCord filed a motion seeking a judgment on the pleadings. The trial court granted the motion and the bank appealed.
The Uniform Commercial Code requires that security agreements and financing statements covering growing crops contain descriptions of the land concerned. Sections 7-9-203 and 7-9-402, Code of Alabama.[1] The sufficiency of descriptions in security agreements and financing statements is governed by § 7-9-110, which provides that a description is sufficient whether or not it is specific if it "reasonably identifies what is described." The official comment to that section sheds some light on the question of the sufficiency of such a description. It provides that the description requirement is evidentiary. It is not necessary for the description to be exact and detailed. Something less than a metes and bounds description will suffice. See Meyer, "Potential Problems Connected with the Use of `Crops' as Collateral for an Article 9 Security Interest," 3 Agricultural Law J. 115, 127-131 (1981). For instance, several courts have enforced security agreements and/or financing statements containing descriptions simply listing the name of the landowner, the approximate number of acres involved, the county, and the direction and distance of the land from a named town. See United States v. Newcomb, 682 F.2d 758 (8th Cir. 1982); United States v. Oakley, 483 F. Supp. 762 (E.D. Ark. 1980); United States v. Big Z Warehouse, 311 F. Supp. 283
(S.D.Ga. 1970); United States v. Smith, 22 U.C.C.Rep. 502 (N.D.Miss. 1977); Bank of Danville v. Farmers National Bank ofDanville, Kentucky, 602 S.W.2d 160 (Ky. 1980). The description in question contains all of the elements of the descriptions in the aforementioned cases except that it does not *Page 708 
indicate the direction and distance of the property from a named town.
We examined the sufficiency of a real estate description in a security agreement and financing statement in Gold Kist v.Farmers and Merchants Bank, 425 So.2d 452 (Ala. 1983). The collateral in that case was described as "All crops grown and harvested in 1980 (specifically 250 acres of soybeans) on land rented or leased in Baldwin County, Alabama." 425 So.2d at 452. We ruled that the description in Gold Kist was inadequate to create and perfect a security interest in crops.
In reaching our decision in Gold Kist we relied on PiggottState Bank v. Pollard Gin Co., 243 Ark. 159, 419 S.W.2d 120
(1976). It involved a description similar to the one in the case at bar:
 "CROPS. All of the following crops to be planted or growing within one year from the date hereof on the lands hereinafter described: 7 acres of cotton and 53 acres of soybeans to be produced on the lands of S.E. Karnes; 11.6 acres of cotton and 50 acres of soybeans to be produced on the lands of Mary Gilbee; 4 1/2 acres of cotton and 11 acres of soybeans to be produced on the lands of George Nixon; all of the above crops to be produced in Clay County, Arkansas during the year 1965."
The description in question appears, based on the authority of Gold Kist and Piggott, to be inadequate. This case is, however, in a procedural posture different from the other two. Judgment was rendered in Gold Kist and Piggott after a trial on the merits. Judgment here was based on the pleadings. Although the court in Piggott ruled that the description was inadequate, it noted that the proof at trial had shed no light on the question of whether the debtor grew the number of acres of cotton specified on the land indicated or whether anyone else was growing cotton on the land of S.E. Karnes in 1965.
It is apparent from reading Piggott that the proof at trial in that case could have been such that the description might have been adequate. The financing statement in Gold Kist, or the other hand, was prima facie defective because it failed to name the owner of the property, a requirement of § 7-9-402. Since the description in question is not deficient on its face, the bank should have been afforded the opportunity to introduce evidence relative to the sufficiency of the description.Piggott State Bank v. Pollard Gin Co., supra.
Clearly, the degree of specificity required of a given description is, in part, a function of the factual context in which the documents were executed. The description requirement is evidentiary. The description in a security agreement or financing statement is sufficient if it serves its intended purpose. See official comment to § 7-9-110, Code of Alabama (1975). The description of the collateral in a security agreement is sufficient if it reasonably identifies the land so that it reflects the intent of the parties as to what collateral is covered. The description in the financing statement is sufficient if it serves to put others on notice of the secured party's claim.[2] Although the description in question is scant at best, its sufficiency, i.e., whether it reasonably identifies the land on which the soybeans were grown, should not have been adjudicated on the basis of the pleadings alone.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] Section 7-9-203, as it existed when the security agreement in question was executed, provided:
 "Subject to the provisions of section 7-4-208 on the security interest of a collecting bank and section 7-9-113 or a security interest arising under the article on sales, a security interest is not enforceable against the debtor or third parties unless:
 "(a) The collateral is in the possession of the secured party; or
 "(b) The debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops or oil, gas or minerals to be extracted or timber, a description of the land concerned. In describing collateral, the word `proceeds' is sufficient without further description to cover proceeds of any character."
In 1981, Section 7-9-203 was amended to read, in part:
 "(1) Subject to the provisions of section 7-4-208 on the security interest of a collecting bank and section 7-9-113 on a security interest arising under the article on sales, a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:
 "(a) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown or timber to be cut, a description of the land concerned; and
"(b) Value has been given; and
 "(c) The debtor has rights in the collateral." Section 7-9-402 provided, inter alia, that:
 "(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. A financing statement may be filed before a security agreement is made or a security interest otherwise attaches. When the financing statement covers crops growing or to be grown or goods which are or are to become fixtures, or timber, the statement must also contain a description of the real estate concerned and the name of the record owner thereof. A copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties."
After it was amended in 1981, § 7-9-402 read, in pertinent part:
 "(5) A financing statement covering timber to be cut or covering crops growing or to be grown, or a financing statement filed as a fixture filing (section 7-9-313) where the debtor is not a utility, must show that it covers this type of collateral, must show that it is to be cross-indexed in the real estate mortgage records and must contain a description of the real estate. If the debtor does not have an interest of record in the real estate, the financing statement must also show the name of a record owner."
[2] We decline to comment on the bank's arguments that perfection was irrelevant as to McCord, based on actual notice by McCord of the bank's claim. Resolution of that issue is not necessary to our holding. *Page 709