Billy WARD *v.* FIRST NATIONAL BANK OF SEARCY, ARKANSAS

86-240                                                    728 S.W.2d 149

Supreme Court of Arkansas
Opinion delivered April 20, 1987

*J.T. Skinner*, for appellant.

*Lightle, Beebe, Raney & Bell*, for appellee.

ROBERT H. DUDLEY, Justice. On March 5, 1984, Garold Bennett executed a promissory note and security agreement in favor of appellee First National Bank of Searcy. The security agreement listed as collateral all equipment of the debtor presently owned or after acquired. On that same date, First National filed a financing statement which listed the collateral as follows:

1971 Chev. 3-ton truck s/n EC631P105202
1952 American 32' Tandem Trailer s/n 5927
1968 JD 4020 Tractor s/n T213P284845R
1976 Modenway 8' Dirt Blade s/n 48617
1974 Midland 19' Disc 15036374
1973 Vibra Shank 18' Barker Shank
1 JD 6 Row Cultivator
1 JD 6 Row Planter
1 4 Wheel Trailer w/1000 gal. diesel tank 1977
  JD 5 Bottom Breaker
  JD 20' Harrow
  28' 3 Axle Gooseneck Equipment Trailer
1 20' WA Do-All
1 JD 3 Bottom Breaker
  JD 4520 Tractor w/front end loader s/n 004291R
1 Midland 15' Disc
1 Bushhog
1 300 gal. Spray Tank
1 250 gal. Tank and 4 Wheel Trailer.

The financing statement did not mention after acquired property. On June 12, 1984, another security agreement on additional equipment was executed, and another financing statement filed with a similar description of collateral. This second financing statement, like the first one, did not mention after acquired property.

On July 2, 1984, appellant Billy Ward sold the combine to Bennett, and at that time, executed a document which purported to retain title to the combine in Ward. The agreement listed Ward as seller, and Garold Bennett was listed as buyer. On October 12, 1984, Ward filed the agreement as a financing statement. The combine was destroyed by fire, and $10,000 in insurance proceeds became available to replace it. First National Bank of Searcy filed suit to collect on the promissory note and foreclose on the security, and through an amended complaint, sought to collect the insurance proceeds. Ward, in turn, contends his interest is superior to the insurance proceeds. The Chancellor found that appellee First National's interest was prior to any the appellant might have, and granted judgment for the bank. We reverse.

The Chancellor determined that First National

Bank had perfected its security interest in after acquired property through the financing statements. While the trial court was correct in determining that a financing statement does not necessarily have to include a specific reference to after acquired property to perfect such an interest, we hold that the language describing the collateral must be at least broad enough to encompass the after acquired property. In *Security Tire and Rubber Co., Inc.* v. *Hlass*, 246 Ark. 1113, 441 S.W.2d 91 (1969), we held that "a description is sufficient which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property." *Hlass*, 246 Ark. at 1117, 441 S.W.2d at 94. Here the instrument does not suggest any inquiry that would disclose a security interest in after acquired property. Nothing in the description of collateral suggests that other than specific individual items are to be included. There is nothing in the financing statements which "should reasonably notify third parties that after acquired property is part of the subject matter of the financing statement." *United States* v. *Riceland Foods, Inc.*, 504 F. Supp. 1258, 1262 (E.D. Ark. 1981). Accordingly, First National's security interest in after acquired property is unperfected.

The appellant has argued that the appellee had no perfected security interest. That issue would be before us if we were faced with a question of priority between perfected security interests. However, because we have decided the appellee has no perfected security in the combine, we need not decide an issue of priority, and thus, we do not address whether the appellant's security interest can be considered to be perfected under the Uniform Commercial Code. Accordingly, we reverse the decision of the trial court and remand for entry of an order consistent with this opinion.

HICKMAN, J., not participating.