In re Roy D. **PEELER** and Elizabeth Peeler, Debtors.

Daniel K. **SCHIEFFLER**, Trustee, Plaintiff,

v.

**FIRST NATIONAL BANK OF WYNNE**, Defendant.

Bankruptcy No. 88–20142M.
Adv. No. 91–2005.

United States Bankruptcy Court, E.D. Arkansas, Helena Division.

April 24, 1992.

Tom B. Smith, Wynne, Ark., for defendant.

Daniel K. Schieffler, West Helena, Ark., trustee/plaintiff.

Brad J. Beavers, Forrest City, Ark., for debtors.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On November 7, 1988, Roy D. Peeler and Elizabeth Peeler filed a voluntary petition for relief under the provisions of chapter 12 of the United States Bankruptcy Code. On November 27, 1990, the case was converted to chapter 7, and Daniel K. Schieffler, Esq., was appointed trustee.

On March 11, 1991, the trustee filed this adversary proceeding to determine the nature, extent or validity of a claim by First National Bank of Wynne (FNB) of a security interest in certain checks representing the proceeds of the sale of grain by the debtors.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The checks in question were described as follows:

(a) check No. 796 issued by Hamlin Seed Service, Inc., on June 22, 1988, in the sum of $2,871.13 payable to Roy Peeler and FNB;

(b) check No. 135949 issued by Producers Rice Mill, Inc., on October 17, 1990, in the sum of $1,536.18 payable to Roy D. Peeler and FNB;

(c) check No. 137560 issued by Producers Rice Mill, Inc., on December 18, 1990, in the sum of $187.56 payable to Roy D. Peeler and FNB; and

(d) check No. 139259 issued by Producers Rice Mill, Inc., on March 1, 1991, in the sum of $171.03 payable to Daniel K. Schieffler, trustee in bankruptcy for Roy D. Peeler and FNB.

The debtors own a farm in Cross County, Arkansas, which is farmed by a tenant. The four checks represent the debtors' share, as landlords, of proceeds from the sale of grain produced by the tenant. The check issued in June 1988 was from proceeds of the sale of wheat planted in the fall of 1987 and harvested in June of 1988. The checks issued in 1990 and 1991 were from the proceeds of the sale of crops planted in the spring of 1990 and harvested in the fall of 1990.

FNB claims a security interest in all four checks by virtue of a combination financing statement and security agreement executed by Roy D. Peeler on February 18, 1987, and filed of record in Cross County, Arkansas, on February 26, 1987. The security agreement purports to grant a security interest in favor of FNB in the following described property:

All crops of every kind grown or to be planted, heretofore or hereinafter, within one year from date of the execution hereof, on lands commonly known and referred to as the Roy Peeler Farm in Cross County, Arkansas.

The trustee argues that the description of the collateral is insufficient to identify the real estate involved, and, therefore, according to state law, FNB's security interest was unperfected at the time the petition was filed.

FNB argues that the real estate description does not have to be specific so long as it reasonably identifies the property involved and, therefore, the description of the collateral is sufficient to perfect its security interest.

FNB's claim of a perfected security interest in the 1990 and 1991 checks numbered 135949, 137560, and 139259 must fail for two reasons. First, the security agreement only granted FNB a security interest in crops produced within one year of February 18, 1987. The testimony is undisputed that the checks numbered 135949, 137560 and 139259 represent proceeds from the sale of grain harvested in 1990. The court takes judicial notice of the fact that wheat harvested in 1990 would not have been a growing crop on February 26, 1988, which is the last day FNB's security interest could have attached.[1] Second, if the financing statement and security

---

1. *See* Ark.Code Ann. § 4–9–203(1)(c) (Repl.1991) and Ark.Code Ann. § 4–2–501(1)(c) (Repl.1991).

agreement were construed to grant a security interest in after acquired crops, the security interest would have been cut off when the debtors filed their petition in November 1988 by virtue of the provisions of 11 U.S.C. § 552(a).[2]

■ FNB's claim of a perfected security interest in the check issued June 27, 1988, numbered 766 in the amount of $2,871.13 must also fail. Ark.Code Ann. § 4–9–402(1) (Repl.1991) provides, in part, that "[w]hen the financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned." Ark.Code Ann. § 4–9–110 (Repl.1991) provides that "[f]or the purposes of this chapter any description of ... real estate is sufficient whether or not it is specific if it reasonably identifies what is described." *Piggott State Bank v. Pollard Gin Co.*, 243 Ark. 159, 419 S.W.2d 120 (1967). Here, the financing statement describes the real estate only as "Roy Peeler Farm located in Cross County, Arkansas." A description that only describes the debtor's name and the county and state where the real estate is located is not a sufficient description for purposes of Ark.Code Ann. § 4–9–402 (1987). *Centerre Bank Nat'l Ass'n v. Missouri Farmers Ass'n, Inc.*, 716 S.W.2d 336, 340 (Mo.App. 1986); *Landen v. Prod. Credit Ass'n of Midlands*, 737 P.2d 1325, 1329 (Wyo.1987); *Chanute Prod. Credit Ass'n v. Weir Grain and Supply, Inc.*, 210 Kan. 181, 499 P.2d 517 (1972). *See*, Clark, *The Laws of Secured Transactions* § 8.05[1][b].

■ 11 U.S.C. § 544(a) gives the trustee the status of a judgment lien creditor whose lien is perfected under state law as of the date of the commencement of the case. As a consequence of this status, the trustee may avoid any lien in personal property that is not perfected under state law as of the commencement of the case. *In re Wallace*, 61 B.R. 54, 57 (Bankr. W.D.Ark.1986); *Shuster v. Doane (In re Shuster)*, 47 B.R. 920, 922 (D.Minn.1985),

*rev'd on other grounds* 784 F.2d 883 (8th Cir.1986); *Landen v. Prod. Credit Ass'n of Midlands*, 737 P.2d 1325, 1330 (Wyo.1987); 4 *Collier on Bankruptcy* ¶ 544.01 (15th ed. 1986). Since FNB's claim of a security interest in each of the four checks was unperfected as of the commencement of this case, its claim is subordinate to the rights of the trustee. *In re Xonics Photochemical, Inc.*, 841 F.2d 198, 202 (7th Cir. 1988); 4 *Collier on Bankruptcy* ¶ 544.02 (15th ed. 1986).

Therefore, for the reasons stated, the trustee is entitled to turnover of the four checks. A separate judgment will be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

IT IS SO ORDERED.

---

**2.** 11 U.S.C. § 552(a) provides: Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any

lien resulting from any security agreement entered into by the debtor before the commencement of the case.