# FIRST NATIONAL BANK of LEWISVILLE v.
# BANK of BRADLEY

CA 02-589                                        96 S.W.3d 773

Court of Appeals of Arkansas
Division III
Opinion delivered January 29, 2003

*David P. Price*, for appellant.

*Kinard, Crane & Butler, P.A.*, by: *Steve R. Crane*, for appellee.

JOHN B. ROBBINS, Judge. This appeal concerns the priority of liens. Appellant First National Bank of Lewisville appeals the entry of a decree of foreclosure by the Lafayette County Circuit Court that granted appellee Bank of Bradley a first lien and appellant a second lien on personal property owned by the debtors Wayne and Gail Adams d/b/a Adams Farm Equipment. We affirm.

Appellee loaned in three separate transactions with the Adamses a total principal sum of $882,855 secured by certain collateral, including farm equipment, real property, and vehicles. Some of the proceeds of these loans were used to retire a debt to appellant. Appellee's financing statement was properly filed in both the Secretary of State's office and the County Clerk's office in 1994, and it contained the following description of collateral:

> All equipment and machinery, including power driven machinery and equipment, furniture and fixtures now owned or hereaf-

ter acquired, together with all replacements thereof, all attachments, accessories, parts or tools belonging thereto or for the use in connection therewith.

All passenger and commercial motor vehicles registered for use upon public highways or streets, now owned or hereafter acquired, together with all replacements thereof, all attachments, accessories, parts, equipment and tools belonging thereto or used in connection therewith.

All inventory, raw materials, work in progress and supplies now owned or hereafter acquired.

All accounts receivable now outstanding or hereafter arising.

All contract rights and general intangibles now in force or hereafter acquired.

All proceeds and products from any and all of the above listed property.

The financing statements identified the debtors as Adams, Carl Wayne and Gail, d/b/a Adams Farm Equipment, P.O. Box 130, Bradley, Arkansas 71826. The creditor was identified as Bank of Bradley, P.O. Box 120, Bradley, Arkansas 71826.

Subsequently, appellant entered into another line-of-credit (loan) agreement with the Adamses for $309,875.04, secured by inventory, work in progress, and materials used or consumed in the business, and it included a two-page list of 113 specific pieces of equipment. A security agreement and financing statement with these itemized attachments were filed in 1998. The debtors and their address were the same as that listed in appellee's earlier financing statement. According to appellant's president, there was no question about who the Adamses were, where they were, or how to locate them. The president stated that he knew Mr. Adams had been in the business of selling farm equipment for many years, he knew that the 1994 loan proceeds from appellee were used to retire an earlier debt to appellant, and that appellant's new line of credit was used to add to the business inventory and build a new building. In fact, Mr. Adams was elected to appellant's board of directors.

The Adamses subsequently filed for the protection of the bankruptcy court, which eventually granted appellee and appellant relief from the stay and authorized the banks to proceed in rem against the secured property. Mr. Adams resigned from his position of board member upon the Chapter 7 bankruptcy filing.

The foreclosure case that followed concerned the priority of the liens of the respective banks. There was no question but that appellee's security interest was first in time. Appellant asserted that its lien was nonetheless superior to appellee's because appellee failed to sufficiently describe and identify its collateral in the financing statement and security agreement in order to perfect its interest. Appellant asserted that appellee's description was no more than a description of collateral as "all the debtor's assets" or "all the debtor's personal property" or words of similar import, which does not reasonably identify the collateral according to Ark. Code Ann. § 4-9-108(c) (Repl. 2001).

The trial court found (1) that appellee's description of collateral securing the loans between it and the Adamses was sufficient to put a third party on notice, (2) that because prior loan balances with appellant were paid off by proceeds from the 1994 loan from appellee, appellant would appear to have had actual knowledge of the loan made in 1994, (3) that the president of the appellant bank could not recall whether his bank did or did not perform a U.C.C. check prior to loaning the Adamses additional funds, and (4) that had a proper search been conducted by appellant prior to entering the line-of-credit agreement, appellant would have discovered the prior security interest. This appeal resulted.

The only issue on appeal is whether the description of the collateral on appellee's financing statement was sufficient under the Uniform Commercial Code and Arkansas law to perfect its security interest. The determination of whether a description in a financing statement is adequate is a question of fact. *Security Tire & Rubber Co. v. Hlass*, 246 Ark. 1113, 441 S.W.2d 91 (1969). Our standard of review in this case requires us to affirm unless the trial court's findings of fact were clearly erroneous. *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). A finding is clearly erroneous when, although there is evidence to support it,

the reviewing court on the entire evidence is left with the definite conviction that a mistake was committed. *Hedger Bros. Cement & Materials v. Stump*, 69 Ark. App. 219, 10 S.W.3d 926 (2000). In reviewing a trial court's findings of fact, we give due deference to the trial judge's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Jennings v. Burford, supra.*

The relevant statute is Ark. Code. Ann. § 4-9-108 (Repl. 2001), which states in pertinent part: .

> (a) Except as otherwise provided in subsections (c), (d), and (e), a description of personal or real property is sufficient, whether or not it is specific, if it reasonably identifies what is described.
>
> (b) Except as otherwise provided in subsection (d), a description of collateral reasonably identifies the collateral if it identifies the collateral by:
>
> (1) specific listing;
>
> (2) category;
>
> (3) except as otherwise provided in subsection (e), a type of collateral defined in the Uniform Commercial Code;
>
> (4) quantity;
>
> (5) computational or allocational formula or procedure; or
>
> (6) except as otherwise provided in subsection (c), any other method, if the identity of the collateral is objectively determinable.
>
> (c) A description of collateral as "all the debtor's assets" or "all the debtor's personal property" or using words of similar import does not reasonably identify the collateral.

The test of sufficiency of a description is whether the description does the job assigned to it — that it makes possible the identification of the thing described. *Womack v. Newman Fixture Co.*, 27 Ark. App. 117, 785 S.W.2d 226 (1990). The better practice is to describe the collateral by types or items when a security is taken on inventory. *Security Tire & Rubber Co. v. Hlass, supra.* However, the description need not be such as would enable a stranger to select the property but is sufficient if it will enable third

parties, aided by inquiries that the instrument itself suggests, to identify the property. *Id.*; *see also Ward v. First Nat'l Bank of Searcy*, 292 Ark. 21, 728 S.W.2d 149 (1987); *Womack, supra.* The adequacy of the description should be considered in the light of the subsequent creditor's actual knowledge. *Womack, supra.* The *Womack* court noted with approval *In re King-Porter Company*, 446 F.2d 722, 729 (5th Cir. 1971), which stated that, "The Code helps only those who help themselves."

Appellant tacitly acknowledges that this case is controlled by *Womack v. Newman Fixture Co., supra*, which would support affirming the trial court. Appellant and appellee cite *Womack, supra*, which held that the financing statement filed therein was sufficiently specific to identify the equipment used at a certain restaurant in which a security interest was being taken. In *Womack*, the collateral was described as "all equipment used in the business known as" and the debtor was listed as "Larry D. Stafford d/b/a Chick-N-Shack, 314 North Adams, Camden, AR 71701." The secured party was a bank, which was listed along with the mailing address of the bank.

The trial judge in the case before us now considered the *Womack* case and noted it in his letter opinion, stating that the language used in appellee's financing statement was similar but more descriptive than that used in *Womack*. Appellant asks us to reverse our holding in *Womack* and to expand the definitions in the Code so as to require descriptions of collateral to specifically identify what the property is. Appellant asserts that the dissenting opinion in *Womack*, which would have purportedly deemed the financing statements to be too vague, is the more reasoned approach. We decline this invitation.

The Uniform Commercial Code as enacted in Arkansas has delineated what is required, and our prior case law falls in line with the statutory construct. The Code has effectively set the onus on the subsequent lender to seek out what information it needs. 9 Anderson, *Uniform Commercial Code* § 9-402:6 (1985), cited with approval in *Womack*, explains:

The main purpose of the "notice filing" provisions of the Code is to provide a public record with sufficient content to alert an interested party that there may be a prior security interest.

Further inquiry beyond the financing statement is contemplated by the Code as "the financing statement's purpose is to merely alert the third party as to the need for further investigation, never to provide a comprehensive data bank as to the details of prior security arrangements."

The notice system of the Code places the burden of further inquiry upon anyone seeking additional information. The fact that the financing statement is not intended to be all-informative is borne out by the fact that the statement must contain "an address of the secured party from which information concerning the security interest may be obtained. . . ."

When a proper filing is made, third persons are presumed to have notice of and are subject to the provisions of the security agreement. A person is charged with possessing the information that could have been discovered had he made the inquiry suggested by the filing.

The sufficiency of a financing statement must be appraised in the light of the objective of the Code system of merely giving notice. The provisions of UCC § 9-402 are designed to repudiate the highly specific disclosures that were required under former chattel mortgage statutes. If the statement gives notice that a third person may have a security interest in the collateral, and the source from which additional information may be obtained, the statement is sufficient. All that is required is a short, simple, and concise financing statement. A court should sustain a financing statement as sufficient if sufficient information can reasonably be gleaned from it to enable those desiring to reach the secured party to do so.

*Id.* at 447-48.

■ We cannot say that the trial court clearly erred in concluding that appellee's financing statement was sufficiently specific to identify the covered goods, or in concluding that appellant failed to avail itself of the information on file to protect its interests.

We affirm.

PITTMAN and CRABTREE, JJ., agree.