BLANKENSHIP *v.* MODGLIN.

Opinion delivered May 28, 1928.

O. H. *Hurst* and *Caraway, Baker & Gautney,* for appellant.

*Dudley & Dudley,* for appellee.

HART, C. J., (after stating the facts). Counsel for Modglin seek to uphold the judgment on the ground that the mortgage was too indefinite in the description of the corn. It will be observed from our *statement of facts* that the corn is described as all the crop of corn to be grown by Harris on the farm belonging to Earl Keich. We do not think this description is void for uncertainty. This court has laid down the rule that a mortgage of personal property is sufficient as to description if it be such that a disinterested person, aided only by such inquiry as the instrument itself suggests, is able to identify the property. *Johnson* v. *Grissard,* 51 Ark. 410, 11 S. W. 585, 3 L. R. A. 795. Now, any disinterested person would find out from the mortgage itself that it was given by Harris to Blankenship to secure a promissory note and for merchandise supplies to be furnished by Blankenship to Harris to make a crop during the year 1926 on a farm belonging to Earl Keich. It is claimed that this description is indefinite because Earl Keich had several farms in Craighead County, where the mortgage was executed and filed. Any disinterested person, however, could have found out, by reading over the mortgage, aided by inquiry, that Harris lived on one of the farms of Earl Keich, and was going to make a crop of corn and cotton on it. Under these circumstances, we think that the description was sufficiently definite and that Blankenship had a valid mortgage on the corn in controversy.

This brings us to the remaining contention between the parties. According to the testimony of Blankenship, Harris still owed him, under the mortgage, the sum of $189.80, and the corn was not worth more than that sum. On the other hand, there was evidence adduced in favor of Modglin to the effect that Harris had paid off his mortgage indebtedness to Blankenship. The evidence

for Modglin also shows that he purchased the corn in good faith from Harris, and, as payment therefor, paid off a note and mortgage which Harris owed Earl Keich. This disputed question of fact was submitted to the jury under proper instructions. Blankenship relied upon his own testimony in the case to show that the mortgage indebtedness was not paid. This court is committed to the rule that the positive testimony of an interested party will not be treated as undisputed. *Skillern* v. *Baker*, 82 Ark. 86, 100 S. W. 764, 118 A. S. R. 52, 12 Ann. Cas. 243; and *Nelson* v. *Missouri Pacific Rd. Co.*, 172 Ark. 1053, 292 S. W. 120.

Moreover, there are facts in the record from which the jury might have inferred that the testimony of Blankenship was not reasonable and consistent in itself. His merchandise books were in his store, about eight miles from where the trial in the circuit court was held, and he failed to produce them to show the state of the account of Harris. Blankenship failed to introduce as a witness his bookkeeper, who kept the account of Harris. The note secured by the mortgage was marked paid, and had been delivered to Harris. It is true that Blankenship produced what he calls a renewal note for the balance now claimed to be due, but this note was dated January 23, 1927, which was more than four months after the note described in the mortgage was marked paid. Under all these circumstances it cannot be said that the undisputed evidence called for a directed verdict in favor of Blankenship.

It follows that the judgment must be affirmed.