In re Carl LOVELADY and Sally Lovelady, husband and wife, Debtors.

**WILLAMETTE PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**Carl LOVELADY and Sally Lovelady, husband and wife, and Paul Landsdowne, Trustee, Defendants.**

Bankruptcy No. 380–02960.
Adv. No. 82–0264.

United States Bankruptcy Court, D. Oregon.

June 18, 1982.

T. W. Churchill, Salem, Or., for plaintiff.

Eric Haws, Eugene, Or., Robert Nowack, Roseburg, Or., for debtor.

Keith Boyd, Eugene, Or., for trustee.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW GRANTING JUDG-
MENT TO PLAINTIFF WITH RE-
SPECT TO 1980 CROP, REQUIRING
FURTHER HEARING WITH RE-
SPECT TO 1981 AND 1982 CROPS IF
REQUESTED

DONAL D. SULLIVAN, Bankruptcy Judge.

Pursuant to agreement and after trial, the Court allowed the plaintiff, Willamette Production Credit Association (WPCA) to enforce its security interest in all collateral named in its security agreement and proceeds thereof, except crops growing at the time of the filing of the debtor's petition under Chapter 11, or sown afterwards, and related proceeds. The plaintiff not only claims the crops grown or growing at the time of filing, but also crops sown afterwards based upon a secured party's right to trace proceeds.

The Court makes the following Findings of Fact and Conclusions of Law with respect to the remaining issues.

I find that the plaintiff has a validly perfected security interest in crops growing on November 14, 1980, the date of filing, and in prior crops which had been harvested and were then on hand, and the unused and uncommingled proceeds of these crops. The plaintiff does not have a security interest in crops sown after the filing of the petition unless it can show that the debtor used, without the plaintiff's consent, the product or proceeds of prior crops in which the plaintiff had a perfected interest.

Under Oregon law, a secured party may obtain a perfected security interest in growing crops if he complies with ORS 79.-2030(a) by obtaining a written security agreement containing, among other things, a description "of the land concerned", and if he complies with ORS 79.4020(1) by filing a financing statement containing a similar description of the land with the Secretary of State. By virtue of ORS 79.1100, there is no requirement that the description of the land be a legal description or be in the language of a surveyor, provided that the description reasonably identifies the land upon which the crops are growing. To be sufficient, the description need only recite enough information to enable third parties to locate, upon reasonable inquiry, the land where the collateral is growing.

A description meets the foregoing tests if it gives name of the owner or lessor of the land, the acreage involved, county, township and range. *United States v. Oakley*, 483 F.Supp. 762 (E.D.Ark.1980); *United States v. Smith*, 22 U.C.C.Rep.Serv. 502 (D.C.Miss.1977); *In Re Colbert*, 22 U.C.C. Rep.Serv. 511 (Bkrtcy.N.D.Miss.1977); *United States v. Big Z Warehouse*, 311 F.Supp. 283 (S.D.Ga.1970); *Production Credit Ass'n. v. Columbia Mills*, 22 U.C.C. Rep.Serv. 228 (Wis.1977). Even a description which, without more, describes the land as owned or rented by the debtor in a particular county has been held to be sufficient. *In Re Frazier*, 16 B.R. 674, 680 (Bkrtcy.Tenn.1981). Compare *Chanute Production Credit Ass'n v. Weir Grain Supply, Inc.*, 10 U.C.C.Rep.Serv. 1351, 210 Kan. 181, 499 P.2d 517 (1972). The "reasonable inquiry" test governing the sufficiency of descriptions of crop land as now developed in the decisions is consistent with the reasonable notice test by which the sufficiency of descriptions in financing statements covering other types of collateral are presently judged.

The security interest of the plaintiff governs crops in the ground at the time of filing the Chapter 11 petition and is perfected because it complies with all of the foregoing rules. The written agreement expressly covers crops which are "hereafter planted or otherwise become growing crops, or other plant products" planted on described land. Plaintiff perfected its interest by filing a financial statement with the Secretary of State which describes the crops as "growing on or to be grown on" lands which are described therein. The description of the land in the security agreement and financing statement is sufficient because it gives the county, individual acreage, lessor, lessee, township and range and would enable third parties to locate the crops after reasonable inquiry. Defendants, in any event, have not satisfied their burden under 11 U.S.C. § 362(g)(2) and § 544(a)(2) of showing that any crops were not grown on land which was included in the description which I find is sufficient.

Under 11 U.S.C. § 522(b), plaintiff is entitled to carry its perfected security interest into post-Chapter 11 identifiable proceeds or products in accordance with its security agreement if authorized by applicable non-bankruptcy law. Under Oregon law, a secured creditor loses his right to trace proceeds if he consents to use of the proceeds. ORS 79.3060(2). *First Nat. Bank of Brush v. Bostron*, 21 U.C.C.Rep.Serv. 1475, 564 P.2d 964 (Colo.App.1977). Where the Court orders a creditor to permit use of cash collateral or where the creditor consents to use, he has a right under 11 U.S.C. § 362(d), 363(e) and 364(c), respectively, to demand and to receive both a lien on a property and priority to the extent necessary to insure adequate protection. If the creditor fails to obtain substitute collateral, his consent to use of proceeds destroys his right to trace

those proceeds into other products and his claim is governed by the priorities of 11 U.S.C. § 507.

 The plaintiff has no interest in crops sown after filing because the stipulated order for use of cash collateral of March 24, 1981 did not preserve plaintiff's right to trace proceeds into a new crop or otherwise grant a substitute lien. The "equities of the case" language of 11 U.S.C. § 552(b) would not appear to authorize the Court to redraw this order where the right to trace proceeds has been lost by consent.

For the foregoing reasons, plaintiff is entitled to a judgment declaring its interest in the 1980 crop to be superior to the interest claimed by the trustee in that crop and removing the stay imposed by 11 U.S.C. § 362. The plaintiff may have 15 days in which to file a motion to trace proceeds into the post-filing crops on the grounds that the debtors used, without the plaintiff's consent, the product or proceeds of prior crops in which the plaintiff had a perfected interest. If a motion is not filed within this time, the trustee may submit a judgment order declaring his interest in the 1981 and 1982 crops to be superior to the claimed interest of plaintiff and denying further relief to plaintiff under 11 U.S.C. § 362.