**In the Matter of Robert Lynn YOUNCE, Nancy Lee Younce, Debtors.**

**Bankruptcy No. 84–02881.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 2, 1984.

Michael F. Dubis, Waterford, Wis., for debtors.

Jack Aulik, Aulik, Brill & Eustice, Sun Prairie, Wis., for Farmers Credit Company, Inc.

## MEMORANDUM DECISION

C.N. CLEVERT, Bankruptcy Judge.

This court has been asked to decide whether an April 3, 1983, farm security

agreement and related financing statement created a perfected security interest in the debtors' crops in favor of Farmers Credit Company, Inc. (Farmers) or whether the security instruments were ineffective for failure to describe, in accordance with WIS. STAT. § 409.203(1)(a), the real estate on which those crops are located.

Debtors, Robert and Nancy Younce, are farmers who filed a Chapter 11 petition on July 18, 1984. On August 10, 1984, Farmers filed a motion requesting relief from the automatic stay, imposed by § 362(a) of the Bankruptcy Code, in order to secure authority to obtain possession of crops which were pledged to secure a debt in excess of $182,000. In support of this motion, Farmers alleges that the Younces do not have any equity in the crops and that the crops are in danger of waste and destruction.

In opposing Farmers' motion, the Younces argue that a creditor would have to see Robert Younce on his tractor in order to locate the subject crops because the information contained in the security instruments is inadequate to enable a creditor to locate the crops by looking at a plat book. Hence, they conclude that their crops do not secure payment of Farmer's loan.

## I.

The description of the collateral on the farm security agreement is as follows:

All crops growing or to be grown by Debtor, and the products of such crops, on property described as: 487 acres, Sections 16, 21, 22, 18, 1, 12, 23, 25, 26 & 27, T4N, R17E, Troy Township, and 86 acres in Section 6, T4N, R18E, East Troy Township, All in Walworth County, State of Wisconsin.

The financing statement, which was filed in the office of the Register of Deeds for Walworth County on May 10, 1983, reads, in pertinent part, as follows:

This Financing Statement covers the following types (or items) of Property (Collateral):

ALL FARM LIVESTOCK

ALL FARM MACHINERY AND EQUIPMENT
ALL FEED AND GRAIN
ALL CROPS NOW GROWING OR TO BE GROWN ON:
487 acres, Sections 16, 21, 22 18, 1, 12, 23, 25, 26, & 27, T4N, R17E, Troy Township, and 86 acres, Section 6, T4N, R18E, East Troy Township, All in Walworth County, State of Wisconsin.

Resolution of this dispute will turn on whether the above descriptions sufficiently identify the land on which the Younces' crops are located. Section 409.203(1) WIS. STAT. provides in pertinent part:

... [A] security interest is not enforceable against the debtor or 3rd parties with respect to the collateral and does not attach unless: (a) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown or timber to be cut, a description of the land concerned ....

With regard to the perfection of a security interest, WIS.STAT. § 409.402(1)(b) provides:

When the financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned.

The test for sufficiency of descriptions in security agreements and financing statements is set forth in WIS.STAT. § 409.110.

For the purposes of this chapter any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described.

The parties agree that Farmers' security instruments attempt to assert an interest in crops grown on 573 acres on eleven sections of land. Each section consists of 640 acres. Although 86 of the 573 acres are located in one section (section 6, T4N, R18E, East Troy Township in Walworth County, Wisconsin), the 487 acre balance is spread over ten sections of land in Troy

Township, Walworth County, Wisconsin. While this court is aware that neither an owners name nor metes and bounds is necessary to satisfy the requirements of WIS. STAT. § 409.110, the court also believes that it is essential, where the debtors' crops are spread over many miles, that the description in the security agreement and financing statement contain more than the name of the county, township and section where the crops are located.

In coming to this conclusion the court has considered *Production Credit Association v. Columbus Mills*, 22 U.C.C.Rep. Serv. 228 (Cir.Ct. Dane Cty.Wis.1977), the only reported Wisconsin case which has dealt with the issue presented here. In that case, the court found that PCA had a perfected security interest in the crops of debtors Allen and Rosalie Hein. The security agreements identified the names of the record owners, county, township and sections where the Heins crops were located. One of two financing statements filed by PCA identified the county, township, section and record owner of the land where the crops were located and the other identified the name of the county, township, section and acreage. It was on that basis that the court concluded that:

> Any interested person could, with the description on the security agreements and financing statements and a current plat book and directory for Columbus County, locate the Hein crops. *Id.* at 233.

But such can not be said in this case. Here, the security agreement and financing statement contain no reference to specific parcels of land within any of the eleven 640 acre sections and, despite the fact that the Younces rent their crop land, the security instruments do not mention that fact nor do they name the land owners.

The drafter's comments to the 1962 text of the Uniform Commercial Code state:

The requirement of description of collateral (see Section 9–203 and Comment thereto) is evidentiary. *The test* of sufficiency of a description laid *down by this section is that the description do the job assigned to it—that it make possible the* identification of *the thing described.* Under this rule courts should refuse to follow the holdings, often found in the older chattel mortgage cases, that descriptions are insufficient unless they are of the most exact and detailed nature, the so-called "serial number" test. The same test of reasonable identification applies where a description of real estate is required in a financing statement. (emphasis added)

[Current Materials] U.C.C.REP.SERV. (CALLAGHAN) ¶ 9110

In partial reliance upon these comments, the Arkansas Supreme Court in *Piggott State Bank v. Pollard Gin Co.*, 243 Ark. 159, 419 S.W.2d 120 (1967)[1] upheld a Chancery Court decision which found the following description, in a combined security agreement and financing statement, insufficient to put a third party on notice of the creditor's claimed security interest in crops:

> All of the following crops to be planted or growing within one year from the date hereof on the lands hereinafter described: 7 acres of cotton and 53 acres of soybeans to be produced on the land of S.E. Karnes; 11.6 acres of cotton and 50 acres of soybeans to be produced on the lands of Mary Gilbee; 4½ acres of cotton and 11 acres of soybeans to be produced on the lands of George Nixon; all of the above crops to be produced in Clay County, Arkansas during the year 1965.

The court observed,

> We have said more than once that "a mortgage of a specified number of articles out of a larger number will not be allowed to prevail, unless it furnishes the data for separating the property intended to be mortgaged from the mass."

---

**1.** This case has been questioned and criticized by *United States v. McMannis*, 39 B.R. 98 (D.Kan.1983); *Schneider v. Ray*, 38 B.R. 128 (D.Kan.1984); *Jasper v. Johnson*, 21 B.R. 484 (W.D.Mo.1982), and appears to be limited by

*United States v. Oakley*, 483 F.Supp. 762 (E.D. Ark.1980). Nonetheless, the requirement that a third party be able to separate the debtor's crops from other crops remains valid.

*Krone & Co. v. Phelps,* 43 Ark. 350 (1884); *Dodds v. Neel,* 41 Ark. 70 (1883). That principle is so reasonable and so plainly applicable to the case at hand that we see nothing to be accomplished by a more discussion of this matter.

Stated differently in the words of one commentator: "The moral seems to be that, if part of a large tract is going to be used, the small part must be particularly identified." Meyer, *"Crops" as Collateral for an Article 9 Security Interest and Related Problems,* 15 U.C.C.L.J. 1, 20 (1982–83).

The foregoing unquestionably applies to the case at bar. Farmers has attempted to attach Younces' 573 acres of crops growing on various locations within an area containing 7,040 acres. There is no way that a third party, aided only by Farmers' security instruments and the inquiries they suggest, could reasonably identify the land where the Younces' pledged crops are located. *See United States v. Oakley,* 483 F.Supp. 762, 764 (E.D.Ark.1980) *quoting Security Tire & Rubber Co. v. Hlass,* 246 Ark. 1113, 441 S.W.2d 91 (1969). Thus, the court is compelled to find that the descriptions in Farmers' security agreement and financing statement are insufficient and that Farmers does not possess a security interest in the Younces' crops. By virtue of this finding Farmers has no basis to seek possession of the Younces' crops and is not entitled to relief from the stay.