**In re Douglas L. KARAU, Mona K. Karau, Debtors.**

**Bankruptcy No. EF11–84–01285.**

United States Bankruptcy Court, W.D. Wisconsin.

March 12, 1985.

L.R. Reinstra, Reinstra, Van Dyk & Needham, S.C., New Richmond, Wis., for debtors.

Thomas R. Schumacher, Bakke, Norman & Schumacher, S.C., New Richmond, Wis., for the First Nat. Bank of Baldwin.

FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER ADJOURNING, ATTORNEYS TO ADVISE

WILLIAM H. FRAWLEY, Bankruptcy Judge.

A hearing having been held to determine the status of the First National Bank of Baldwin security interest in certain crops of Debtors Douglas L. and Mona K. Karau; and the Bank appearing by Attorney Thomas R. Schumacher; and the Debtors appearing by Attorney L.R. Reinstra; and briefs having been filed; the Court, being fully advised in the premises, FINDS THAT:

1. On March 17, 1982, Debtors Mona K. and Douglas L. Karau granted a security interest in "all crops growing or to be grown by Debtor, and the products of such crops ... and all proceeds" to the First Financial Bank of Baldwin. The security interest was duly perfected.

2. In the Spring of 1984, the Debtors planted corn and soybeans on their farm.

3. On July 2, 1984, the Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors assert that the Bank's post-petition interest in the growing crops was terminated pursuant to 11 U.S.C. sec. 552 and that any pre-petition interest in the crops was nominal.

5. Under section 552, liens on after acquired property are terminated by the filing of a bankruptcy petition except to the extent that the lien extends to the "proceeds, product, offspring, rents, or profits" of pre-petition secured property—the exception applies unless the court orders otherwise. *In re Johnson*, 47 B.R. 204 (Bankr.W.D.Wis.1984).

6. This Court will assume, without deciding, that section 552 terminates a security interest which would extend to crops planted post-petition. *In re Sheehan*, 38 B.R. 859, 863, 11 B.C.D. 835, 838 (Bankr.D. S.D.1985).

7. Nevertheless, a security interest in growing crops survives a bankruptcy petition. *In re Hamilton*, 18 B.R. 868 (Bankr.

D.Colo.1982), *see In re Lovelady*, 21 B.R. 182, 184 (Bankr.D.Or.1982).

8. "However, if work in process is completed with general funds of the estate, the court is empowered to deny any improvement in position by the secured party at the expense of unsecured creditors. In such a case, the court would presumably make a reasonable allocation of value." B. Clark, *The Law of Secured Transactions under the Uniform Commercial Code* para. 6.6[3] (1980).

9. A *reasonable* allocation of value can not, as the Debtors appear to argue, be based upon the July 2, 1984, salvage value of the Debtors' viable crops nor, as the Bank appears to argue, upon a net fair market value at some later date, *contra Hamilton*, Paragraph 7 *supra*, at 873 (creditor entitled to harvest price minus costs of maintaining harvesting and marketing crops).

10. Rather, the extent of the Bank's post-petition security interest in the Debtors' 1984 harvest should be determined by the July 2, 1984, fair market value of the Debtors' growing crops.

### CONCLUSION OF LAW

An evidentiary hearing should be held, if necessary, to determine the July 2, 1984, fair market value of the Debtors' growing crops.

### ORDER

IT IS ORDERED THAT this matter be adjourned to the further order of the Court, attorneys to advise.