SMITH & SPIDAHL ENTERPRISES, INC., D/B/A Ag-Tech,
Plaintiff-Appellant,

v.

Mark H. LEE, Defendant,

CLARE BANK, N.A., Defendant-Respondent.

Court of Appeals

*No. 96–0882. Submitted on briefs October 11, 1996.—Decided
November 27, 1996.*

(Also reported in 557 N.W.2d 865.)

For the plaintiff-appellant the cause was submitted on the briefs of *Patricia M. Gibeault* of *Axley Brynelson* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Kevin D. Mathews* of *Howard, Solochek & Weber; S.C.* of Milwaukee.

Before Eich, C.J., Vergeront and Roggensack, JJ.

VERGERONT, J.  Smith and Spidahl Enterprises, Inc., d/b/a Ag-Tech, appeal from an order granting Clare Bank's motion for summary judgment. The trial court held that because Ag-Tech's financing statement contained an erroneous description of the land on which crops were grown, it was insufficient to perfect Ag-Tech's security interest in the crops. We conclude the trial court was correct and affirm.

## BACKGROUND

Ag-Tech loaned Mark Lee $55,000 for his 1994 farming operations. To secure the loan Ag-Tech prepared and had Lee execute a security agreement and financing statement in favor of Ag-Tech. An attachment to the security agreement described the lands upon which the crops were growing as:

Mark Lee

> 704 Acres in Linden Township & Mifflin Township, Iowa County
>
> Sections 3,4,5,8,9,10, T 4 N, R 1 E.

Jones & Lee Farms, Inc. land owner, under rental agreement with Mark Lee

> 654.4 Acres in Linden Township & Mifflin Township, Iowa County & in Belmont Township, Lafayette County
>
> Section 32, T 5 N, R 1 E

Sections 13, 23 & 24, T 4 N, R 1 E

Sections 18 & 19, T 4 N, R 2 E

However, the financing statement filed by Ag-Tech, and signed by Lee, contained the handwritten description:

704 Acres in Linden Twn. and Mifflin Twn.

Sec 32, T 5 N, R 1 E; Sec. 13, 23 and 24 T 4 N, R 1 E and

Sec. 18 and 19 T 4 N, R 2 E

This description refers to the description of the property in Ag-Tech's security agreement under "Jones & Lee Farms, Inc." and not to the real property on the security agreement described under "Mark Lee." It is undisputed that in 1994 Lee did not farm, or have any rights in, the Jones & Lee Farms. All of the land farmed by Lee in 1994 was located in Sections 3, 4, 5, 8, 9, 10, T4N, R1E, Mifflin Township, Iowa County, Wisconsin. Ag-Tech is not claiming any security interest in the crops grown on the Jones & Lee Farms.

Clare Bank had a security interest in Lee's 1994 crops and the proceeds thereof prior to Lee's execution of the security agreement with Ag-Tech. Lee defaulted on the loan he received from Ag-Tech. Ag-Tech sued Lee, naming Clare Bank as an additional defendant. Lee filed a Chapter 7 bankruptcy petition in the Western District of Wisconsin and received a discharge. He was therefore no longer personally liable for the debt to Ag-Tech.

The trial court granted summary judgment in favor of the bank. The court concluded that Ag-Tech's security interest was unperfected and the bank's security interest was perfected, providing the bank with the right to the 1994 crop proceeds. The trial court deter-

mined that, while the description of the land in Ag-Tech's security agreement met the requirements of § 409.110, STATS., the description of the land in its financing statement was insufficient to perfect its security interest because it identified the wrong section, town and range.

We review summary judgments de novo, employing the same methodology as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment is proper where there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Section 802.08(2) and (6), STATS.

## DISCUSSION

Because the parties agree that the facts are undisputed, the question on appeal is whether the trial court correctly concluded that the financing statement was insufficient as a matter of law to perfect Ag-Tech's security interest.

Ag-Tech claims that the grant of summary judgment in favor of the bank was erroneous. First, Ag-Tech contends that it has a superior claim pursuant to § 409.312(2), STATS., which provides:

> A perfected security interest in crops for new value given to enable the debtor to produce the crops during the production season and given not more than 3 months before the crops become growing crops by planting or otherwise takes priority over an earlier perfected security interest to the extent that such earlier interest secures obligations due more than 6 months before the crops become growing crops by planting or otherwise, even though the person giv-

ing new value had knowledge of the earlier security interest.

Second, Ag-Tech claims that even if the description of the land in the financing statement is inaccurate, the bank was not misled. Therefore, no third party was adversely affected by the mistake. Finally, Ag-Tech argues that equity requires that its lien be found superior to that of the bank.

Section 409.312(2), STATS., gives Ag-Tech priority over the bank's security interest in the 1994 crops only if Ag-Tech had a perfected security interest in the crops. Perfecting a security interest in crops requires compliance with several provisions of the Uniform Commercial Code. First, under § 409.203(1)(a), (b) and (c), STATS., there must be a written security agreement containing a description of the collateral, signed by the debtor; some value or consideration must have been provided the debtor; and the debtor must have rights in the collateral. When the security interest covers crops growing or to be grown, the agreement must also include "a description of the land concerned." Section 409.203(1)(a). Section 409.110, STATS., defines "sufficiency of description" as:

> **Sufficiency of description.** For the purposes of this chapter any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described.

The security agreement Lee signed complies with the requirements of § 409.203(1)(a), (b) and (c), STATS. It was given for value and Lee had a right to the growing crops. The description in the security agreement is sufficient. Although it describes real estate that Lee did not farm in 1994, it does accurately describe the real estate on which the crops he grew in 1994 were

located by identifying the county, the number of acres, the sections, and the town and range of that real estate. This description reasonably describes the land on which the 1994 crops were grown and permits a third party to locate those crops. *See Matter of Younce*, 56 B.R. 232, 234, (E.D. Wis. 1985).

Second, § 409.302(1), STATS., requires the filing of a financing statement to perfect all security interests except certain ones not applicable here. The requirements for a financing statement are set forth in § 409.402, STATS., which provides in relevant part:

**Formal requisites of financing statement; amendments; mortgage as financing statement.**

(1)(a) A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. A financing statement may be filed before a security agreement is made or a security interest otherwise attaches.

(b) When the financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned. . . .

. . .

(8) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

Ag-Tech's financing statement contained the name of the debtor and secured party, the address of the

secured party, the mailing address of the debtor and a description of the collateral. However, the description of the real estate on which the 1994 crops were grown was inaccurate. The description was of the "Jones & Lee Farms," land that Lee did not farm in 1994. All of the land farmed by Lee in 1994 was located in Sections 3, 4, 5, 8, 9, 10, T4N, R1E, Mifflin Township, Iowa County, Wisconsin.

Ag-Tech relies on *Younce*, 56 B.R. 232 (E.D. Wis. 1985), to support its argument that the description in its financing statement is legally sufficient. In *Younce* the land description in the financing statement identified the land where the crops were grown by reference to sections, townships, ranges, amount of acres and county, instead of by the direction and distance to the nearest town. *Id.* at 234. The court found the description in the financing statement sufficient under § 409.110, STATS. The facts in *Younce* are significantly different from the facts in this case because the sections, township and ranges in *Younce* were accurate, while those contained in Ag-Tech's financing statement are incorrect.

Although it appears no reported Wisconsin case has addressed the sufficiency of a legal description on a UCC financing statement, the Iowa Supreme Court has addressed the issue in a very similar factual context. In *First Nat'l Bank in Creston v. Francis*, 342 N.W.2d 468 (Iowa 1984), the plaintiff bank had a debtor execute a security agreement to secure its interest in growing crops. The land upon which the crops were grown was described by section, township, range and county in both the security agreement and the financing statement. However, the description in each document was erroneous. The bank had intended to refer to section 25 but erroneously referred to section

24. *Id.* at 469-70. The Iowa Supreme Court affirmed the grant of summary judgment in favor of the defendant. The court stated that because the description was so specific, the issue was not whether it was specific enough but whether "it could only reasonably be read to secure the crops on the described land." The court concluded:

> The description was misleading because a person checking the filed documents would reasonably conclude that the only crops the bank intended to secure were those in the southeast one-quarter of section 24. Nothing in the bank's description would have caused the cooperative or some other person checking the record to suspect the section number was wrong or that the bank intended to encumber crops on other land. . . . [T]he purpose of the Code's description requirements for financing statements is to give notice to purchasers and third-party creditors and allow them to identify what property is secured (citation omitted). For crops, our legislature has required a description of the land to assist the third person in making that identification. When, as here, nothing in the instrument itself indicates or directs that further inquiry should be made concerning the location of the secured crops, the third person need not make further inquiry. . . .

*Id.* at 471.

The reasoning of the Iowa court in *Creston* is persuasive because the Iowa statutes are identical to the Wisconsin statutes relating to the perfection of security interests through financing statements. *See Younce*, 56 B.R. at 234. As in *Creston*, the description here is very specific, including section numbers, township and range; but those are a mistake. As in *Creston*, nothing in the financing statement indicates or directs that

671

further inquiry should be made concerning the location of the secured crops. The error in the description is not "minor," and it is seriously misleading: a person checking the filed financing statement would conclude the only crops Ag-Tech intended to secure were those in the sections, township and range described in the state-ment. We conclude, as did the trial court, that the description was insufficient to reasonably identify the land where the 1994 crops were growing and therefore did not meet the requirement of § 409.402(1)(b), STATS.

■
Ag-Tech urges us to consider that the bank was not in fact misled by the erroneous description. However, §§ 409.110 and 409.402, STATS., do not require or per-mit us to consider whether or not a particular party has actually been misled by an erroneous description. We are to decide only whether the description "reasonably identifies" the land where the crops are growing, § 409.110 and, if there are "minor errors" we are to decide if they are "seriously misleading." These stan-dards require a determination of how the description would reasonably be understood by third parties in general, not whether a particular third party which had information nowhere indicated in the filed docu-ment was in fact misled. Ag-Tech submitted affidavits of Keith Liddicoat and Ken Kugl, both friends and busi-ness acquaintances of Lee. Both affiants aver that they are familiar with the farmland operated by Lee for the 1994 crop year and that the description in the financ-ing statement was sufficient to give them notice as to the cropland location. We agree with the trial court that these affidavits fail to establish that the financing statement description gave adequate notice to purchas-ers of the Lee crop and to third-party creditors of the location of Lee's 1994 crops. The affiants establish only

that persons who know Lee in particular ways knew where he was farming in 1994.

Ag-Tech contends that, even if its financing statement is insufficient to perfect its security interest, equity dictates a finding that its security interest is superior to that of the bank. We are not persuaded. One purpose of the UCC filing requirements is to provide uniformity and stability in the marketplace. *See Tuftco v. Garrison*, 282 S.E.2d 159, 162 (Ga. Ct. App. 1981). Fashioning equitable solutions to mitigate the hardship of those requirements on particular creditors undermines that purpose. The benefit to particular creditors from relaxing the filing requirements does not, in our view, justify the uncertainty and inconsistency that would result from such an approach.

Because Ag-Tech's financing statement did not meet the requirements of § 409.402(1)(b), STATS., its security interest in Lee's 1994 crops was not perfected. The trial court correctly decided that Ag-Tech's unperfected security interest was junior to the perfected security interest of the bank.

*By the Court.*—Order affirmed.