**In re Corey A. LYNCH, Debtor.**

**William J. Rameker, Plaintiff,**

v.

**Farmers State Bank, Defendant.**

**Bankruptcy No. 03–16698–7.**
**Adversary No. 03–227.**

United States Bankruptcy Court,
W.D. Wisconsin.

July 27, 2004.

Matthew M. Beier and William J. Rameker, Murphy Desmond, S.C., Madison, for Plaintiff.

· David L. Jenkins, Viroqua, WI, for Defendant.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

William J. Rameker (the "Trustee") filed a complaint against Farmers State Bank (the "Bank") under 11 U.S.C. § 544(a). The complaint alleged that the Bank's financing statement for its security interest in the Debtor's personal property is defective in that it doesn't describe the collateral sufficiently. The Bank denied that the financing statement is defective.

In February 2002, the Debtor executed and delivered to the Bank a business note in the amount of $31,279.67. To secure the note, the Debtor gave the Bank a General Business Security Agreement ("GBSA") dated March 24, 2000, granting the Bank a security interest in the following personal property of the Debtor:

> ... all equipment, fixtures, inventory (including all goods held for sale, lease or demonstration or to be furnished under contracts of service, goods leased to others, trade-ins and repossessions, raw materials, work in process and materials or supplies used or consumed in Debtor's business), documents relating to inventory, general intangibles, accounts, contract rights, chattel paper and instruments, now owned or hereafter acquired by Debtor (or by Debtor with spouse), and all additions and accessions to, all spare and repair parts, special tools, equipment and replacements for, all returned or repossessed goods the sale of which gave rise to, and all proceeds and products of the foregoing ("Collateral")
> ....

The Bank sought to perfect its security interest in the personal property by filing a UCC–1 Financing Statement with the Wisconsin Department of Financial Institutions on May 4, 2002. The financing statement describes the collateral covered as "general business security agreement

now owned or hereafter acquired." No documents, and notably no general business security agreement, were attached to the financing statement filed. Is the description sufficient?

The Wisconsin statutes prescribe that a financing statement must describe the collateral. The Bank's financing statement does not even identify the collateral. Among other things, a financing statement suitable for filing must "Indicate[ ] the *collateral* covered by the financing statement." *Wis. Stat. 409.502(1)(c)* (emphasis added). The Bank's financing statement describes the financial "paper" under which it claims its security interest, but it does not describe *any* of the collateral identified in that paper. The definitions section of Chapter 409 defines "collateral" as:

> ... property subject to a security interest .... The term includes:
>
> 1. Proceeds to which a security interest attaches;
>
> 2. Accounts, chattel paper, payment intangibles, and promissory notes that have been sold; and
>
> 3. Goods that are the subject of a consignment.

*Wis. Stat. 409.102(cs)*.

At best, the financing statement identifies that a general business security agreement exists between the Debtor and the Bank, but the Bank's interest in that paper is that of a contracting party, not that of one who takes the paper as collateral. Because the Bank's financing statement does not identify the collateral covered by it, the inquiry need not proceed further. The Bank has not perfected its security interest (because it failed to file a proper financing statement).

This is true even if a "strict reading" of the statutes were not appropriate. This court has acknowledged the "very liberal policy which Wisconsin courts have traditionally followed in deciding 'sufficiency of description' cases." *In re Godfrey*, 59 B.R. 232 (Bankr.W.D.Wis.1986) (finding that the primary function of a financing statement is to provide inquiry notice to third parties). An older Wisconsin case, *Adler v. Godfrey*, 153 Wis. 186, 190, 140 N.W. 1115 (1913), held that "mere inaccuracy in the description of collateral in a chattel mortgage is not fatal if the property is so described that it can be readily identified by the exercise of ordinary care, and by aid of extrinsic evidence, so long as there is sufficient description in the writing to put a third party on inquiry notice." *Godfrey*, 59 B.R. at 234.

▆ The Bank argues that all that is required of financing statements is that third parties be put on notice of the existence of a security interest. But the statute clearly requires more. The collateral must be described. The collateral for the Bank's loan is specified in the general business security agreement, but it is not the general business security agreement itself. That agreement could have been given by the Bank as security for the Bank's obligations or otherwise assigned if the Bank were to participate in a secondary market for its loans. But, clearly the agreement is not the property of the debtor claimed by the Bank as its collateral.

The GBSA is not attached to the financing statement, nor is the date that the GBSA was executed included to identify it or distinguish it from other security documents. The Bank's financing statement fails to meet the *Adler* standard, in that a third party cannot readily identify the collateral by the exercise of ordinary care and by aid of extrinsic evidence.

The Bank claims that the "financing statement is sufficient if it puts third par-

ties on notice" of the existence of a lien. In its view, so long as the financing statement is not "seriously misleading," as defined by Wis. Stat. 409.506,[1] it sufficiently puts third parties on notice of the Bank's security interest. The Bank takes the position that, at most, the words in its financing statement would be considered "minor errors or omissions" within the meaning of Wis. Stat. 409.506. I do not agree.

The Bank had to file a financing statement in order to perfect its security interest.[2] While notice is a goal behind conditioning perfection of a security interest on the filing of a financing statement, Wisconsin law requires more than merely *some* notice of an existing security interest. *Cf. In re Godfrey*, 59 B.R. at 234 (finding that the generic term "machinery" on a financing statement was not reasonable notice with respect to any items of collateral, such as tools, which are not fairly encompassed by the term).

■ As stated earlier, a financing statement suitable for filing must "Indicate[ ] the collateral covered by the financing statement." *Wis. Stat. 409.502(1)(c)*. A financing statement sufficiently indicates the collateral covered if it provides: (1) A description of the collateral pursuant to section 409.108; or (2) an indication that the financing statement covers all assets or all personal property. *Wis. Stat. 409.504 Indication of collateral.* Under Wis. Stat. 409.108(1), a "description of personal ... property is sufficient, whether or not it is specific, if it reasonably identifies what is described." What is reasonable under section 409.108(1) is putting third parties on inquiry notice to allow them to identify what property has a lien against it. *See Smith & Spidahl Enter., Inc.*, 206 Wis.2d 663, 557 N.W.2d 865 (Wis.App.1996). In this case, the description fails to put third parties on notice as to which property of the Debtor is subject to the Bank's security interest. Accordingly, judgment may be ordered for the Trustee.

---

1. Wis. Stat. 409.506. *Effect of errors or omissions.*

   **(1) MINOR ERRORS AND OMISSIONS. A financing statement substantially satisfying the requirements of this subchapter is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.**
   (2) FINANCING STATEMENT SERIOUSLY MISLEADING. Except as otherwise provided in sub. (3), a financing statement that fails sufficiently to provide the name of the debtor in accordance with s. 409.503(1) is seriously misleading.
   (3) FINANCING STATEMENT NOT SERIOUSLY MISLEADING. If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with s. 409.503(1), the name provided does not make the financing statement seriously misleading.
   (4) DEBTOR'S CORRECT NAME. For purposes of s. 409.508(2), the "debtor's correct name" in sub. (3) means the correct name of the new debtor.

2. Wis. Stat. 409.310. When filing required to perfect security interest ....

   (1) GENERAL RULE: PERFECTION BY FILING .... a financing statement must be filed to perfect all security interests ....